**EASTERN AIR LINES, INCORPORAT-ED, Plaintiff,**

v.

**NEW YORK AIR LINES, INC., and Chiat-Day, Inc., Defendants.**

No. 82 Civ. 7049 (MP).

United States District Court,
S.D. New York.

June 6, 1983.

See also, 559 F.Supp. 1270.

Parker, Auspitz, Neesemann & Delehanty by Carroll E. Neesemann, Kim J. Landsman, New York City, for plaintiff.

Blum, Kaplan, Friedman, Silberman & Beran by Lawrence Rosenthal, Laura Goldbard, New York City, for defendant New York Air Lines, Inc. and the Bloom Agency.

## DECISION

MILTON POLLACK, District Judge.

Eastern Air Lines seeks an order holding New York Air Lines, Inc., and its advertising agency, the Bloom Agency, in contempt of Court for alleged wilful disobedience of the injunctive provisions of this Court's Interlocutory Judgment rendered in Eastern's favor entered on April 26, 1983.

The nub of the present sequel to the controversy heretofore tried, generated by rivalry for the air shuttle passenger business between Washington—New York—and Boston, is that New York Air's advertisement in May, 1983, for the business has again improperly associated its features with features of Eastern Air's service, which New York Air does not in fact provide; New York Air was enjoined on April 26, 1983, from repeating that impropriety.

The effect of such false and misleading advertisements is to dilute Eastern's commercial good will and constitutes a violation of federal and state laws against false representations in advertising. Lanham Trademark Act § 43(a), 15 U.S.C. § 1125(a). General Business Law, § 368–d.

The questioned advertising is of two classes; print ads and radio advertising. Again, as heretofore, Eastern complains that New York Air is deceiving customers and the public interested in shuttle service between the cities mentioned, by communications, in effect, that the two airlines provide equal shuttle services in certain vital respects and that each holds out a promise of scheduled transportation. This is

claimed to be true of Eastern's service, but an overstatement of the service offered by New York Air, since, contrary to the ads, the latter does not provide the promise of a ticket or a seat or transportation on board of its flights on schedule. The undisclosed fact is that a seat and transportation will be provided by New York Air only if there are seats available on the New York Air flights, of which there is no assurance, simply because no backup service exists if its flights are sold out. On the other hand, Eastern, as a vitally important aspect of its service, operates a no-reservation, guaranteed seat service by rolling out an extra plane, if necessary. Eastern's first sections are provided with backup planes standing by to assure a seat for everybody waiting at scheduled departure time, subject only to the effect of the air controller's job action, which may interfere with dispatch of backup flights (although such backup flights are generally protected at the peak hours).

New York Air is charged with running advertisements and broadcasting by radio an alleged flexibility without the appropriate disclaimers. Contrariwise, introducing New York Air's "New Shuttle-Shuttle," it tells travellers to "Stop Worrying About Eastern's 'Backup Sections';" that New York Air has now modified its scheduled departures to leave once an hour on the half-hour, from 7:30 a.m. to 8:30 p.m., and that:

Our new scheduling gives you a wonderful new *flexibility*. You can literally choose your flight as you're approaching the airport. For example, if it's before the half-hour, head for New York Air. If it's after the half-hour, head for Eastern. And if you're running late for your New York Air flight, forget the ticket counter altogether. Head straight for the gate and *we'll ticket you there or on board.* (Emphasis added).

\* \* \* \* \* \*

What's more, even if you miss the flight from La Guardia, you can use New York Air's new Shuttle-Shuttle. That's a FREE apple-red *mini-bus that will shuttle you to the next scheduled shuttle*

*flight. If you're at Eastern, it will shuttle you to New York Air.* (Emphasis added).

The radio commercial broadcast on behalf of New York Air further stated that:

So with Eastern flying their shuttle on the hour *you're never more than thirty minutes away from a shuttle flight.* (Emphasis added).

And, speaking of the so-called shuttle-shuttle mini-bus, the broadcast advised:

\* \* \* if you can't get a seat on one shuttle, take the one (bus) right over there at the other one.

The print ads and the radio broadcasts overrepresent the service available from New York Air, are deceptive and tend to dilute Eastern's commercial goodwill implanted in its well-advertised backup flight service. By the framework in which "flexibility" of its new service is stated, New York Air overrepresents that its service is equal to that of Eastern; it overstates the service to which it would switch an Eastern prospect by a flat promise of a ticket or a seat on board all New York Air flights.

The comment on the "new" service, which appeared in the Washington Post of May 26, 1983, consequently construed New York Air's publicity as stating that potential Eastern passengers who board New York Air's mini-bus (the shuttle-shuttle) "will be *assured* of getting a seat on the next New York Air flight and may even buy their tickets on the bus." This omits any disclaimer that the assurance is only good if space is available on the New York Air flight—a point which the ads fail to mention. This significant omission in the print ads and the radio script appears to have been realized, at least, at this time. In the affidavit of the defendant's advertiser, David M. Rutkin, he now concedes the need for such a disclaimer by admitting that nowhere is it stated in the ads or radio script, that: "customers for whom there are no seats will be advised of that fact," and that transportation on the mini-bus will be provided only if plane seats are available.

The omission is of facts necessary to make the facts stated not misleading; ads without it are deceptive, since they indicate equality of services by the two airlines and the effect is a dilution of Eastern's established commercial good will. There is no backup service for unseatable New York Air customers.

Thus, the complaint of Eastern Air is well taken and the question is only whether the misrepresentation of total flexibility, meaning equality of service to that of Eastern, and the inevitable dilution of the backup service of Eastern was inadvertent. Eastern Air is thus entitled at least to its expenses and counsel fees of this proceeding, *W.E. Bassett Co. v. Revlon Inc.*, 435 F.2d 656, 664–65 (2d Cir.1970), as well as a cease and desist order. The evidence of purposeful deception is not sufficiently clear and convincing so as to require *more* at this time.

The failure to set forth the appropriate disclaimers so evidently required by the facts, viz., that customers are *not* necessarily assured of a ticket or of a seat on New York Air flights leaving every hour on the half-hour, and New York Air's self-evident implication to the contrary by the form and content of its ads, require that a cease and desist order be added concerning such ads at the foot of the Interlocutory Decree herein. An award of expenses and counsel fees to Eastern will be made, to be fixed by the Court on appropriate submission of factual data. The order and the proofs required for inclusion of the award should be submitted, on notice.

The foregoing shall constitute the Court's findings and conclusions pursuant to Rule 52(a), Federal Rules of Civil Procedure.

SO ORDERED.